

# NUMBER 13-22-00216-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

OSCAR GONZALEZ,                                                      Appellant,

v.

SANTIAGO LOPEZ D/B/A
LOPEZ CARPETS,                                                       Appellee.

---

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

Appellant Oscar Gonzalez appeals the trial court's grant of summary judgment in favor of appellee Santiago Lopez d/b/a Lopez Carpets (Lopez), dismissing Gonzalez's claims of negligence and gross negligence against Lopez. By his sole issue on appeal, Gonzalez contends that a genuine issue of material fact existed to preclude summary

judgment. We affirm.

## I.    BACKGROUND

Gonzalez asserted in his original petition that he was "an on-duty employee" of Lopez's and was injured on business premises. While working, Gonzalez fell from a ladder and fractured his left heel bone and injured his left knee and ankle. As a result of his injury, Gonzalez filed suit against Lopez for negligence and gross negligence, stating that Lopez failed to provide a safe workplace or safe tools for the employees. Gonzalez sought damages "exceeding [t]wo [h]undred [t]housand dollars but less than [o]ne million dollars."

Lopez filed its plea to the jurisdiction, arguing that Gonzalez's claims were before the Texas Division of Workers' Compensation (DWC) and that the DWC had exclusive jurisdiction to determine Gonzalez's employment status at the time of his injury. Lopez argued that the trial court did not have jurisdiction until such time as the administrative proceeding before the DWC was completed. The trial court subsequently abated the matter pending the DWC's determination of Gonzalez's employment status.

After a contested hearing between Texas Mutual Insurance Company (Lopez's workers' compensation insurer) and Gonzalez, an administrative law judge (ALJ) determined that Gonzalez was an employee of Lopez. Gonzalez then filed his second amended petition against Lopez, again asserting negligence and gross negligence claims. In the second amended petition, Gonzalez argued that he was a contracted worker, not an employee, and "seeks judicial review, after exhausting administrative remedies, of [the] ALJ Decision and Order." Lopez responded by filing a combined motion

2

to dismiss and summary judgment motion. Lopez's motion asserted that Gonzalez's second amended petition seeking judicial review of the ALJ decision improperly named Lopez as the defendant because Lopez was not a party to the DWC proceedings. Lopez's motion argued that Gonzalez's suit for judicial review should have named the insurance carrier, Texas Mutual Insurance Company, not Lopez. Original and supplemental responses were filed, and a hearing was held on Lopez's motion. Subsequently, the trial court granted Lopez's motion and Gonzalez's judicial review suit on January 10, 2022. Gonzalez filed a motion to reconsider the ruling, Lopez responded, and the trial court held another hearing. Ultimately, the trial court denied Gonzalez's motion to reconsider.

After being dismissed from the judicial review complaint, Lopez sought summary judgment as to the remainder of Gonzalez's claims against it. Lopez's argument was essentially that, because Gonzalez did not properly challenge the ALJ's determination that he was an employee, Gonzalez was bound by that decision and could not bring suit against Lopez for his injuries as workers' compensation was his exclusive remedy. Gonzalez responded that summary judgment was improper because a fact issue remained as to whether he was an employee or an independent contractor at the time of his alleged injury. After a hearing, the trial court entered an order granting Lopez's motion and disposing of all remaining claims. Gonzalez filed a motion to reconsider which was denied by operation of law. This appeal ensued.

## II. DISCUSSION

Gonzalez argues that the trial court erroneously granted summary judgment because Lopez failed to establish that: (1) no genuine issue of material fact existed, and

(2) Lopez was entitled to judgment as a matter of law.[1] Lopez contends that the trial court properly dismissed the suit because Gonzalez's filing against it was a mistake of parties.

## A.    Standard of Review

We review summary judgments de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). A summary judgment motion may be brought on traditional or no-evidence grounds. *See* TEX. R. CIV. P.166a. We construe Lopez's motions as raising only traditional grounds for summary judgment.

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Id.* R. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). The nonmovant can meet its burden if it presents more than a scintilla of evidence to support each element of its claims, i.e., the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). "Evidence is less than a scintilla . . . if it is 'so weak as to do no more than create a mere surmise or suspicion that the fact exists.'" *Subsea 7 Port Isabel, LLC v. Port Isabel Logistical Offshore Terminal, Inc.*, 593

---

[1] Gonzalez does not set forth which of the trial court's orders he is challenging, but rather appears to make a blanket challenge to the trial court's dismissal of his claims. As such, we address both orders herein.

S.W.3d 859, 873 (Tex. App.—Corpus Christi–Edinburg 2019, pet. denied) (quoting *Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 603 (Tex. 2010)). "[W]e must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *see Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015).

## B.    Judicial Review

Gonzalez asserts that there was a genuine dispute about whether he was an employee or an independent contractor of Lopez, a question that he argues should be tried to a jury. As to the claim for judicial review of the ALJ's decision, Gonzalez's assertion is misplaced. Gonzalez's contentions assume that the trial court, in granting Lopez's motions for summary judgment and to dismiss, decided that there was no dispute about his employment status. That is not the case here. Instead the trial court was tasked only with determining whether Gonzalez's petition for judicial review in his second amended petition was brought against the proper party. We agree that Lopez was not the proper party.

Under § 410.252(a) of the Texas Labor Code, "[a] party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel." TEX. LAB. CODE ANN. § 410.252(a). An "employee and the insurance carrier are the only parties with an interest in the outcome of any further litigation" following the exhaustion of administrative remedies in a worker's compensation case. *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 920 (Tex. App.—Dallas 2001, pet. denied), *overruled on other grounds by Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284,

5

291 (Tex. 2019).[2] Here, after the ALJ determined Gonzalez was an employee, a decision upheld by administrative appeal, Gonzalez's sole option for challenging that determination was to seek a judicial review, naming the insurance carrier as the defendant. *See id.* (affirming dismissal of employee's worker's compensation appeal for want of jurisdiction when employee filed suit against his employer instead of the employer's insurance carrier). Because Gonzalez added his judicial review claim to his second amended petition and did not name the insurance carrier as the defendant, but rather brought the claim against Lopez, the trial court did not err in dismissing the judicial review claim.

Gonzalez argues that the insurance carrier is not the proper party unless there is a final determination that he is an employee made by the jury. This argument, however, is misguided. The ALJ determined that Gonzalez was an employee at the time of his accident. After that determination, Gonzalez could either accept the decision or challenge it. Because the decision was made at a contested hearing between Gonzalez and the insurance carrier, the proper parties to dispute that holding are Gonzalez and the insurance carrier, not Gonzalez's employer. *See id.* Accordingly, to the extent that Gonzalez challenges the trial court's dismissal of his judicial review claim, we overrule that issue.

---

[2] At the trial court level, Gonzalez challenged the validity of *Johnson v. United Parcel Services*, 36 S.W.3d 918 (Tex. App.—Dallas 2001, pet. denied), arguing that it had been overruled in full by *Texas Mutual Insurance Co. v. Chicas*, 593 S.W.3d 284 (Tex. 2019). While Gonzalez does not discuss this case on appeal, we note that *Johnson* was overruled by *Chicas* only to the extent that *Johnson* held the then statutory 40-day deadline was jurisdictional. *See Chicas*, 593 S.W.3d at 291. Accordingly, as it relates to the determination of proper parties in a judicial review claim, the holding in *Johnson* still stands.

## C. Personal Injury Claims

To the extent that Gonzalez challenges the trial court's dismissal of his personal injury claims against Lopez, we find the trial court did not err. After the ALJ rendered its decision that that he was an employee, Gonzalez did not timely file a judicial review claim against the proper party; therefore, he is bound by the ALJ's decision. *See* TEX. LAB. CODE ANN. § 410.205(a) ("A decision of the appeals panel regarding benefits is final in the absence of a timely appeal for judicial review.").

As an employee, Gonzalez's exclusive remedy for his personal injury claim is not against his employer, Lopez, but against the insurance carrier. *See id.* § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee."). Thus, if an employer subscribes to workers' compensation insurance benefits, and is then sued by a covered employee, the employer may "assert the statutory exclusive remedy defense against the tort claims of its employees for job related injuries" and generally cannot be held liable in tort for those injuries. *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009); *see also Mariscal v. McCarthy Bldg. Cos., Inc.*, No. 13-19-00211-CV, 2021 WL 1133608, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, pet. denied) (mem. op.). Gonzalez, therefore, was stautorily precluded from bringing his tort claims against Lopez, and the trial court properly dismissed those claims. *See HCBeck, Ltd.*, 284 S.W.3d at 350.

We overrule Gonzalez's sole issue.

###### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
3rd day of August, 2023.